IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOLITA D. HARRINGTON, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. PX 17-656 |
| SATURN CORPORATION, | * | |
| Appellee. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this bankruptcy appeal is a "Motion for Reconsideration" filed by Appellant Solita D. Harrington who is proceeding *pro se*, ECF No. 16.

The focus of Harrington's appeal centers on the Bankruptcy Court's March 8, 2017 order granting Appellee-Debtor Saturn Corporation's ("Appellee-Debtor") objection to a proof of claim. *See* ECF No. 1-1. The designation of record for the appeal was docketed on April 7, 2017, providing Appellant with thirty days to file her brief. *See* ECF No. 3. After this Court granted Appellant's motion for extension of time, ECF No. 5, Appellant filed a motion on June 15, 2017 which she styled "Motion to Resolve the Case Without Filing a Brief," in lieu of filing the required brief, *see* ECF No. 6. The Court denied this Motion on July 12, 2017, and directed Appellant to file her brief by August 2, 2017, or risk dismissal of the appeal. *See* ECF No. 9. Appellant did not file a brief. Instead, Appellant filed a second Motion for Extension of Time on August 1, 2017, requesting an additional six months to file her brief because Appellant was "still experiencing medical problems" and required time to "recover from medical reasons." *See* ECF No. 10. Appellant also failed to file a statement of the issues she wished to raise on appeal. *See* Fed. R. Bankr. P. 8009(a)(1). On August 23, 2017, this Court denied Appellant's Motion for

Extension of Time, and directed the clerk's office to close this case.  ECF No. 13; ECF No. 14.  Thereafter, on September 1, 2017, Appellant filed the instant motion, which is best construed as a Motion for Reconsideration under Fed. R. Civ. P. Rule 59(e), requesting that the Court amend the previous order, reopen the appeal, and grant Appellant additional time to file her brief. ECF No. 16.

For reconsideration motions filed under Fed. R. Civ. P. Rule 59(e), the United States Court of Appeals for the Fourth Circuit recognizes three grounds for amending a previous judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).  Generally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly," *id.* (citation and internal quotation marks omitted), and "**may not be used to** relitigate old matters, or to raise arguments or **present evidence that could have been raised prior to entry of judgment**," *id.* (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995) (emphasis added).  While "[p]ro se litigants are entitled to some deference from courts," such deference is not unlimited.  *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted).

Rule 59(e) cannot provide relief for Appellant's failure to provide corroborative information, such as medical records, until September 1, 2017, ECF No. 17, after this Court had already dismissed her case, ECF No. 14.  The law anticipates and unequivocally rejects the use of a Rule 59(e) Motion to marshal previously available evidence.  *See, e.g., Ingle ex rel Estate of Ingle v. Yelton*, 439 F.3d 191, 198 (4th Cir. 2006); *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996).  In her September 1, 2017, submission, Appellant provides documents that are best

described as medical records dated December 2016 through August 16, 2017, ECF No. 17, clearly demonstrating that the information was available prior to the Court's August 23, 2017 Order. ECF No. 14. Moreover, the Court twice previously had granted Appellant extensions to file her brief, ECF No. 5 and ECF No. 9, during which time she could have, and did not, alert the court to her specific medical condition(s). *See* ECF No. 13.

Lastly, even assuming the records Appellant now offers are authentic and somehow were not previously available, Appellant still has not justified further delay in an already long-delayed appeal. While the Court is mindful of the difficulties in appearing *pro se,* and sympathizes with this Appellant's particular situation, Appellant's medical condition cannot excuse her previous dilatory approach to her case. *See*, *e.g.*, *Tekmen v. John E. Harms, Jr. & Assocs., Inc.,* No. RDB-11-1385, 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011) (describing Appellants' "delaying and extending" litigation and pattern of "consistently disregarded procedural rules without providing reasonable excuse or explanation for their neglect."). Nor does her condition support the extraordinary remedy of amending the Court's previous order and reopening this matter to grant the requested relief. *Accord* 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995).

It is therefore, this 25th day of September, 2017, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for reconsideration BE, and the same hereby IS, DENIED.
2. The clerk shall transmit copies of this Memorandum Opinion and Order to the Appellant and counsel for the Appellee and CLOSE this case.

| | |
|---|---|
| 9/25/2017 | /S/ |
| Date | Paula Xinis<br>United States District Judge |